## Central-Penn National Bank of Philadelphia *v.* Tinkler, Appellant.

Argued Nov. 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Gordon Butterworth,* for appellant.

*Ira Jewell Williams, Jr.,* with him *White & Williams,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 2, 1945:

This is an appeal from the order of the court below making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. On the 13th day of March, 1941, defendant executed and delivered to the plaintiff an agreement of suretyship, under seal, by which "in consideration of the sum of One Dollar ($1.00) to the

undersigned in hand paid . . ., the receipt whereof is hereby acknowledged, and intending to be legally bound hereby", he agreed to become surety to the plaintiff for "any and all negotiable or non-negotiable instruments now, heretofore or hereafter discounted or accepted for, or for the account of, or obtained by transfer from, and all loans now, heretofore or hereafter made to Del-Sea Clothing Corporation by the Bank, and all present and future debts and obligations of the said borrower(s) to the bank, now due, or hereafter becoming due to an amount not exceeding $10,000 at any one time, and any and all renewals or extensions thereof, together with interest thereon, will be paid at maturity, and agree(s) that no renewal, extension of the time of payment, or other indulgence shall affect the liability of the undersigned." At the time of institution of the present action, the Del-Sea Clothing Corporation was indebted to the plaintiff in the sum of $7,500 upon a promissory note dated July 31, 1941, and payable with interest thereon, on October 10, 1941. This last mentioned obligation was a renewal of a preceding one. At no time did the obligation of the Del-Sea Clothing Corporation exceed $10,000.

The defendant filed an affidavit of defense, averring that (1) the contract of suretyship was without consideration; (2) the promissory note due and owing by the Del-Sea Clothing Corporation to the plaintiff, and on which the maker defaulted, was a renewal of prior notes, and as such amounted to an extension of payment which discharged the defendant from liability under the terms of the contract of suretyship; (3) the defendant had relieved himself of liability under the suretyship agreement by written notice dated August 11, 1941, that he "would not be responsible or liable for any notes or moneys due by Del-Sea Clothing Corporation in the future"; (4) that on or about August 12, 1941, and July 31, 1941, the respective due dates of renewal notes given by the Del-Sea Clothing Corporation to the plaintiff, the former was solvent and could have discharged its obli-

gations to the plaintiff if the latter had made demand therefor in accordance with his notice; and, (5) subsequently, to wit, January 26, 1942, the Del-Sea Clothing Corporation was adjudicated a bankrupt.

Plaintiff's motion for judgment for want of sufficient affidavit of defense set forth, inter alia, that the affidavit of defense "contains a vague, general, indefinite denial of liability"; that "while it alleges want of consideration to the defendant, it admits that the note in suit was a renewal of prior obligations admittedly due and payable by the maker, and that the debt remains unpaid"; that "it ignores the provision of defendant's suretyship agreement which provides, inter alia, that 'no renewal, extension of the time of payment, or other indulgence shall affect the liability of the undersigned . . .' "; and that "while it alleges that defendant gave notice to plaintiff on August 11, 1941, that he would not be responsible or liable 'for any notes or money due by Del-Sea Clothing Corporation in the future', the agreement of suretyship provides that the notice shall be effective only as to loans made and debts and obligations incurred subsequent to the receipt thereof."

As to defense No. 1, that is, of the want of consideration the agreement itself acknowledges the payment of a consideration; and furthermore, it is an instrument under seal, and a seal always imports consideration, and want of consideration does not constitute a defense to an action based upon an instrument under seal. See *Rynier Estate*, 347 Pa. 471, 32 A. 2nd 736. The instrument also states that the signer "intended to be legally bound" by it. As to the significance of this see the Act of May 13, 1927, P. L. 985, Sec. 1, 33 P.S. 6.

As to defense No. 2, that the renewal of prior notes amounted to an extension of payment which discharged the defendant from liability, the agreement itself provided that no renewal, extension for the time of payment or other indulgence shall affect the liability of the signing of it. A surety's consent to an extension of time

of payment may be given either before or after the extension is made: See Restatement, Security, Sec. 129, and the comment thereunder.

As to defense No. 3, this is a claim by the defendant that he had the right, at any time before a renewal was accepted, to limit the extension of payment, and thus relieve himself of liability for his then existing obligation. The only legal way the defendant could relieve himself from his obligation was to discharge it. The clause on which defendant relies in making this defense provides as follows: "The liability of the undersigned hereunder shall continue until written notice of the termination of this agreement is received by the bank, which notice shall be effective only as to instruments discounted or accepted, loans made, and debts and obligations *incurred subsequent to the receipt thereof.*" (Italics supplied.) The court below correctly pointed out in its opinion that "the obligation of the defendant as surety being established as of the time of receipt of notice, such action on his part protected him only against liability for debts and obligations incurred by the principal after the receipt of his notice." The written notice which defendant invokes was dated August 11, 1941. On *that* date the Del-Sea Clothing Corporation was already indebted to plaintiff in the sum of $7,500, and whether this liability arose on original or renewed instruments of obligation is under this agreement immaterial. As to the fourth defense, supra, this is likewise immaterial. The defendant's liability arose under the agreement of suretyship and the solvency or insolvency of the debtor in no way affected it.

The case of *Magazine Digest Publishing Company v. Shade*, 330 Pa. 487, is inapplicable here. There without notice to the defendants it was agreed between plaintiff and the other party to the contract whose performance the defendants guaranteed that if the plaintiff refrained from terminating the contract the other party would pay an increased price of 15 cents a copy for the maga-

zines whose purchase at 14½ cents a copy, for resale at 16½ cents, was the subject of the contract. We held that defendants "were discharged by the material change in the original contract from all liability as guarantors, other than for the amounts for which they had become liable at the time of the alteration in the original contract."

*Edwards v. Goode*, 228 Fed. Rep., p. 664, also cited by appellant, is likewise inapplicable, because in that case the principal had under the agreement the right to renew the notes guaranteed by the surety only *after* their maturity and it was held that the renewal of the notes *before* maturity extended the time of payment and deprived the surety of the power to pay the defendant at maturity and resort to his remedy against the principal. In the instant case there was no such restriction on the right to renew the obligation or extend the time of payment; in fact, the right to do these things was expressly provided for. The Restatement, Law of Security, Sec. 129, p. 346, sets forth that "Subject to the rule stated in section 2 and to the rules in respect of negotiable instruments, where the principal and creditor without surety's consent make a binding agreement to extend the time of payment by the principal, the surety is discharged *unless the creditor in the extension agreement reserves his rights against the surety.*" (Italics supplied.)

The averment in the affidavit of defense that "it was customary not to renew the said notes before their maturity" is, of course, no proper averment of an "operative usage." See Restatement of Contracts, Vol. 1, Sections 245, 246 and 247.

The judgment is affirmed.