## Essex County Acceptance Corporation v. Heilman

Before Gibson, P. J., Carson and Cummins, JJ.

*Lloyd O. Hart*, for plaintiff.

*Lloyd W. Woodward*, for defendant.

CARSON, J., October 6, 1947.—Plaintiff filed a complaint against defendant on February 14, 1947, which was duly served upon defendant on February 20, 1947, while he was confined in the Charleroi-Monessen Hospital. Defendant did not file an affidavit of defense within 20 days from the date of service, to wit, March

12, 1947. On March 14, 1947, plaintiff caused judgment to be entered against defendant for want of appearance and answer. On March 28, 1947, defendant filed a petition to open said judgment averring that petitioner, on February 20, 1947, was in the hospital suffering from a heart attack, and that he had recently been discharged from the hospital, and during the 20 days in which he was permitted to file an answer was physically unable to see that his interests were properly protected. Defendant averred that he did not owe plaintiff any money and that no consideration passed between him and plaintiff, making him liable as surety. Defendant also averred that the letter attached to plaintiff's complaint as an exhibit was not signed by him and was forwarded from his real estate office through an error. Plaintiff filed an answer denying the averments in the petition. A commissioner was appointed and testimony was taken.

From the testimony taken we find that defendant was served with the complaint while he was an inmate of the hospital for observation, but he was discharged therefrom on February 24, 1947, when he returned to his apartment in which his real estate office was also located. Defendant instructed his secretary to send the complaint to his counsel. Through error or oversight on the part of defendant or his secretary the complaint was not taken to counsel until after plaintiff, as was its right, had caused judgment for want of appearance and answer to be entered in favor of plaintiff and against defendant, and plaintiff had given notice of the entry of such judgment to defendant.

The nature of the case requires that consideration be given to the cause of action. The testimony shows that William Smutak was indebted to plaintiff in the sum of $683.60. Plaintiff had instituted certain legal action against William Smutak, the exact nature of which was not made clear, but Smutak was released from jail. Smutak was employed by defendant as an

insurance agent. Smutak had engaged defendant by a written power of attorney to sell Smutak's home to secure funds to pay his obligation to plaintiff. Defendant in his petition denied that he had signed the following letter:

"Essex County Acceptance Co.
Salem, Mass.

Gentlemen:

I will guarantee the payment to you of the sum of $683.60 owed you by Mr. William Smutak, and assure you that you will receive the money within a three-week period.

Very cordially yours,<br>Frank R. Heilman."

However, at the hearing he testified that he had signed the letter.

The testimony shows that defendant had 16 days in which to cause an answer to be filed to the complaint, but filed no answer. While defendant claims that his physical condition was such that he was unable to transact any business during this period, he produced no medical testimony to support this claim, and the court is not convinced. Defendant erroneously avers that judgment was entered against him by confession, whereas the judgment had been entered by default.

The only question to be determined by the court is a question of law, as to whether defendant is relieved of his obligation by the Uniform Written Obligations Act of May 13, 1927, P. L. 985.

This case is governed by acts of assembly. The Statute of Frauds of April 26, 1855, P. L. 308, sec. 1, provides that there shall be no liability upon any special promise to answer for the debt or default of another unless the agreement, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him authorized.

The Act of July 24, 1913, P. L. 971, sec. 1, 8 PS §1, provides:

"Every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship,' or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: 'This portion of the agreement is not intended to impose the liability of suretyship'."

The Act of May 13, 1927, P. L. 985, sec. 1, 33 PS §6, provides:

"A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."

The letter which defendant signed and transmitted to plaintiff was assurance to plaintiff that it would receive its money within a three-week period, and is a sufficient compliance with the Acts of 1913 and 1927. Defendant's letter unambiguously sets forth a personal promise to pay the debt of William Smutak, defendant's employe. The letter on its face shows that defendant intended to be legally bound by the obligation, and complies with the Act of 1927, P. L. 985: First National Bank v. Snyder, 26 North. 225, 229; Central-Penn National Bank of Philadelphia v. Tinkler, 351 Pa. 123, 126; Galvanoni & Nevy Bros., Inc., v. Acquadro et al., 46 D. & C. 358. The latter case states (p. 359):

"This act provides that a written promise 'shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express state-

ment, in any form of language, that the signer intends to be legally bound'."

The question as to whether the words in the act of assembly "intends to be legally bound" as applied to plaintiff renders the agreement unenforcible despite lack of consideration and lack of sale, must be decided in favor of plaintiff. The meaning of the words in defendant's letter to plaintiff is clear. Defendant intended to be bound thereby. Defendant was trying to secure the release of his employe from jail, and had protected himself from loss by a power of attorney authorizing him to sell his employe's real estate: Myers v. Blue Mountain Camp, Inc., 58 Montg. 364.

And now, October 6, 1947, for the foregoing reasons defendant's petition to open judgment is dismissed at the cost of petitioner.