**Michael LEVY d/b/a Mike's Market, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 72-1567.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1972.

Decided April 26, 1973.

Michael H. Stein, Dept. of Justice, for appellant; Harlington Wood, Jr., Asst. Atty. Gen., William W. Milligan, U. S. Atty., Alan S. Rosenthal, Atty. Dept. of Justice, Washington, D. C., on brief.

Ronald Lee Grinker, Alan L. Sirkin, Cincinnati, Ohio, for appellee.

Before EDWARDS and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

In March 1965, Michael Levy, doing business as Mike's Market, was authorized to participate in the Food Stamp Program pursuant to the Food Stamp Act of 1964 and its implementing regulations. He attended a training meeting on February 25, 1965, and an education-al visit was made to his store on March 2, 1965.

During succeeding weeks of 1965, 1966 and 1967, the high volume of redemption of food stamps to the total volume of sales prompted further educational visits to the market. On each of these visits Levy was contacted at which times he stated his familiarity with the regulations regarding the Food Stamp Program. In 1968, the Office of the Inspector General of the Department of Agriculture began an investigation of the market. This investigation revealed a number of alleged serious violations of the stamp program, the details of which are not necessary to discuss here for the purpose of this opinion.

As a result of the findings of this investigation the case was referred to the United States Attorney on September 26, 1968 for appropriate criminal action. On June 23, 1970, the United States Attorney determined not to prosecute and returned the file to the Department of Agriculture. During this interim administrative proceedings were held in abeyance.

On August 14, 1970, the Food and Nutrition Service of the Department of Agriculture began formal administrative proceedings. (Section 2022, Title 7, U. S.C.) The final conclusion of the administrative process in December 1970, was that the alleged violations were sustained, and that, "the known violations of the Food Stamp Program requirements were serious, repetitive and damaging to the program, and because prior efforts to obtain voluntary compliance were ineffective * * *." Mr. Levy's market was disqualified from participation in the Food Stamp Program for a period of one year.

Having exhausted his administrative remedies, Levy brought this action in the United States District Court for the Southern District of Ohio, Western Division, for a judicial review of his disqualification in a trial de novo as provided by Section 2022, Title 7, U.S.C. The district judge granted a permanent injunction, enjoining the government

from disqualifying Levy, the plaintiff, from the Food Stamp Program, based on any activity of the plaintiff prior to May 1, 1968. The basis of the Court's decision was that there had been undue administrative delay on the part of the government in beginning its administrative process. He relied upon a provision of 7 C.F.R. 272.6(b): "Such letter shall inform the retailer or food wholesaler that he may respond either orally or in writing to the charges contained therein within ten days of the mailing date thereof * * *." From this the trial judge finds, "Innate in the Regs. is the requirement of speed."

The Government perfected this appeal. We reverse.

■ There is no time limit fixed either by statute or regulations in which administrative procedure must be begun after completion of an investigation. Reliance on the provision of the regulations above quoted is misplaced. It refers to a step in the administrative procedure. The delay in this case was not caused by negligence or an intention to delay the beginning of the administrative process. It was due to the time the United States attorney held the file before determining not to bring criminal proceedings.

■ An administrative determination may not be invalidated because of lapse of time. N.L.R.B. v. Staub Cleaners, Inc., 418 F.2d 1086, 1089 (C.A.2), cert. den. 397 U.S. 1038, 90 S.Ct. 1357, 25 L. Ed.2d 649; Bryant Chucking Grinder Company v. N.L.R.B., 389 F.2d 565, 568 (C.A.2), cert. den. 392 U.S. 908, 88 S.Ct. 2055, 20 L.Ed.2d 1366; Pacemaker Corp. v. National Labor Relations Bd., 260 F.2d 880, 883 (C.A.7); F.T.C. v. Texaco, Inc., 381 U.S. 739, 85 S.Ct. 1798, 14 L.Ed.2d 714; Labor Board v. Katz, 369 U.S. 736, 748 fn. 16, 82 S.Ct. 1107, 8 L.Ed.2d 230.

■ The Supreme Court has consistently adhered to the principle that laches is not a defense against the sovereign. Costello v. United States, 365 U.S. 265, 281, 81 S.Ct. 534, 5 L.Ed.2d 551; Utah Power & Light Co. v. United States, 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791.

The order granting a permanent injunction is vacated and the case is remanded to the District Court for a de novo trial on the merits.