**UNITED STATES of America, Appellee,**

v.

**ONE 1973 BUICK RIVIERA AUTOMO-BILE, VIN 4Y87U3H548756, James T. Logan, Appellant.**

**No. 76–1679.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 2, 1977.

Decided Aug. 9, 1977.

Rehearing and Rehearing En Banc Denied Sept. 14, 1977.

---

John I. Purtle, Little Rock, Ark., for appellant.

W. H. Dillahunty, U.S.Atty. and Walter G. Riddick, Asst.U.S.Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

James T. Logan appeals from the district court[1] order granting summary judgment in favor of the United States in this action for forfeiture of a vehicle used in the transportation of a controlled substance. We affirm.

Appellant is the owner of record of the 1973 Buick Riviera that is the subject of this litigation. On March 28, 1975 appellant's son, Charles E. Logan, drove the Buick from Fort Worth, Texas, to Little Rock, Arkansas. Police officers, acting on a tip from Logan's companion, stopped the car, found about 234 pounds of marijuana in the Buick, arrested Logan, and seized the Buick.

On April 4, 1975 appellant was notified that the Buick had been seized. On April 10, 1975 appellant filed a petition for remission with the Drug Enforcement Administration (DEA) pursuant to 21 U.S.C. § 881(d) and 19 U.S.C. § 1618. Over the next few months appellant's attorney wrote several letters to the DEA and the United States Attorney inquiring what action had been taken on the petition and eventually demanding that some action be taken. On August 21, 1975 the United States Attorney filed a complaint in district court seeking forfeiture of the vehicle and gave notice by publication in the *Arkansas Gazette*.

On October 10, 1975 appellant was notified by letter from the Chief of the Special Litigation Section of the Criminal Division of the Justice Department that his petition for remission had been denied. The letter advised appellant of his right to appeal to

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

the Attorney General. Appellant did not appeal.

Appellant then attempted to contest the forfeiture proceeding. The United States resisted on the ground that appellant had failed to file a claim with the clerk of the court within ten days after notice of the commencement of the action was published. The district court found that notice by publication was constitutionally defective in the circumstances and granted appellant leave to file an answer in the forfeiture proceeding. In a series of pleadings, appellant alleged that he had no knowledge whatsoever of the illegal use to which his vehicle had been put; that the United States had failed to act promptly in disposing of the case; that the seizure and subsequent events amounted to a denial of due process; and asserted the equitable defenses of laches and estoppel.

The United States moved for summary judgment, alleging that the only issue which can be contested in a forfeiture proceeding is whether the vehicle was used to transport a controlled substance, and that because appellant admitted such fact, no material issue of fact remained. The district court granted the motion. Appellant timely appealed.

On this appeal, appellant contends that the district court order granting summary judgment was erroneous because: (1) there remained material issues of fact relating to appellant's asserted equitable defenses of laches and estoppel; (2) the district court did not undertake judicial review of the administrative denial of appellant's petition for remission; (3) appellant's claimed innocence of any criminal activity constituted a defense to the forfeiture; and (4) the government's delay in filing the forfeiture complaint amounted to a denial of due process. We review these claims seriatim.

*1. Equitable Defenses.*

Appellant's laches argument is based on the fact that the United States did not file a forfeiture complaint until approximately five months after the seizure of the Buick. It is the general rule, however, that the defense of laches may not be asserted against the United States when it acts in its sovereign capacity. *See, e. g., Costello v. United States,* 365 U.S. 265, 281, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *Summerlin v. United States,* 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *Weiszmann v. District Engineer,* 526 F.2d 1302, 1305 (5th Cir. 1976); *Levy v. United States,* 477 F.2d 916, 918 (6th Cir. 1973); *United States v. Overman,* 424 F.2d 1142, 1147–48 (9th Cir. 1970); *Cassidy Commission Co. v. United States,* 387 F.2d 875, 880 (10th Cir. 1967); *United States v. Ulvedal,* 372 F.2d 31, 35 (8th Cir. 1967); *Federal Maritime Commission v. Caragher,* 364 F.2d 709, 718 (2d Cir. 1966); *United States v. Rose,* 346 F.2d 985, 990 (3d Cir. 1965), *cert. denied sub nom., Aetna Ins. Co. v. United States,* 382 U.S. 979, 86 S.Ct. 551, 15 L.Ed.2d 469 (1966).

Appellant's estoppel argument is based on the Justice Department's letter informing appellant of the denial of his petition for remission. The letter included the sentence: "You may, of course, still contest the forfeiture." Appellant claims that this sentence misled him into believing that he could litigate in the forfeiture proceeding the same issues as in the petition for remission—*i. e.,* his lack of negligence or intentional conduct relating to the criminal act. Thus, appellant contends that the United States is now estopped from asserting that appellant cannot litigate these issues in a forfeiture proceeding.

The general rule is that an estoppel cannot be asserted against the United States on the basis of an unauthorized representation of an employee. *See, e. g., Wilber Nat'l Bank v. United States,* 294 U.S. 120, 123–24, 55 S.Ct. 362, 79 L.Ed. 798 (1935); *Goldberg v. Weinberger,* 546 F.2d 477, 480–81 (2d Cir. 1976), *cert. denied sub nom., Goldberg v. Califano,* 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977); *Dorl v. Commissioner,* 507 F.2d 406, 407 (2d Cir. 1974); *United States v. Florida,* 482 F.2d 205, 209 (5th Cir. 1973); *United States v. Tropeano,* 476 F.2d 586, 588 (1st Cir.), *cert. denied,* 414 U.S. 839, 94 S.Ct. 90, 38 L.Ed.2d 75 (1973). In any event, the letter is, at

best, ambiguous and there is nothing in the forfeiture statutes or regulations which would support appellant's belief about what issues may be litigated in a forfeiture proceeding. In such circumstances, there is no factual basis for an estoppel. *See Dix v. Rollins,* 413 F.2d 711, 716 (8th Cir. 1969).

### 2. Judicial Review of Denial of Petition for Remission.

Appellant claims that the district court erred in granting summary judgment because it failed to review the Department of Justice's denial of his petition for remission. The United States claims that such denial is not subject to judicial review on the merits.

■ The overwhelming weight of authority supports the United States' position. *See, e. g., United States v. One 1972 Mercedes-Benz 250,* 545 F.2d 1233 (9th Cir. 1976); *United States v. One 1970 Buick Riviera Sedan,* 463 F.2d 1168, 1170 (5th Cir.), *cert. denied sub nom., Nat'l American Bank of New Orleans v. United States,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972); *United States v. One 1967 Ford Mustang,* 457 F.2d 931, 932–33 (9th Cir.), *cert. denied sub nom., Bank of American Nat'l Trust & Savings Ass'n v. United States,* 409 U.S. 850, 93 S.Ct. 59, 34 L.Ed.2d 92 (1972); *United States v. One 1961 Cadillac,* 337 F.2d 730, 732 (6th Cir. 1964); *United States v. One 1958 Pontiac Coupe,* 298 F.2d 421, 423 (7th Cir. 1962); *Associates Investment Co. v. United States,* 220 F.2d 885, 888 (5th Cir. 1955); *United States v. One 1971 Porsche Coupe,* 364 F.Supp. 745, 747 (E.D.Pa.1973); *Bramble v. Kleindienst,* 357 F.Supp. 1028, 1033–34 (D.Colo.1973), *aff'd,* 498 F.2d 968 (10th Cir.), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).[2] We adopt this well-reasoned position.

### 3. Innocence as a Defense to Forfeiture.

Appellant next contends that the district court erred in granting summary judgment because the undisputed facts and allegations in the record indicated that appellant did not participate in any criminal activity nor have any reason to believe that his son would use the car in connection with a criminal enterprise. The government responds by saying that an owner's innocence is irrelevant in forfeiture proceedings.

A long line of Supreme Court cases has espoused the traditional view that the innocence of the owner of property subject to forfeiture is not a defense to forfeiture. *See, e. g., General Motors Acceptance Corp. v. United States,* 286 U.S. 49, 57–58, 52 S.Ct. 468, 76 L.Ed. 971 (1932); *Goldsmith-Grant Co. v. United States,* 254 U.S. 505, 510–11, 41 S.Ct. 189, 65 L.Ed. 376 (1921); *Dobbin's Distillery v. United States,* 96 U.S. 395, 401–02, 24 L.Ed. 637 (1878); *United States v. Brig Malek Adhel,* 43 U.S. (2 How.) 210, 233, 11 L.Ed. 239 (1844); *The Palmyra,* 25 U.S. (12 Wheat.) 1, 14, 6 L.Ed. 531 (1827). *Also compare United States v. One 1972 Toyota Mark II,* 505 F.2d 1162 (8th Cir. 1974).

More recently, in *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), the Court upheld the constitutionality of a Puerto Rican forfeiture statute patterned after 21 U.S.C. § 881(a), one of the statutes in question in the instant case. The Court went on to say, however, that "serious constitutional questions" might arise in certain instances. The Court gave two examples: (1) where the forfeited property had been taken from the owner "without his privity or consent;" and (2) where the owner was uninvolved in and unaware of the wrongful activity and had also done all that reasonably could be expected to prevent the proscribed use of the property. *Id.* at 689, 94 S.Ct. 2080. Thus, the Court *may* have left open the

2. In *United States v. One Mercury Cougar XR7,* 397 F.Supp. 1325 (C.D.Cal.1975), the court reached the conclusion that it had jurisdiction to review the denial of a petition for remission by virtue of § 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706. We have previously held, however, that this section is not a

substantive grant of jurisdiction to review agency action. *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe,* 370 F.2d 529, 532 (8th Cir. 1967), and the Supreme Court has recently adopted this position. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977).

possibility of an innocent owner raising a due process claim based on his innocence in certain narrow factual situations. *See United States v. Four (4) Pinball Machines,* 429 F.Supp. 1002, 1009 & n. 12 (D.Haw. 1977).

 We need not decide whether *Pearson Yacht* provides a potential defense to forfeiture proceedings based on the owner's innocence, however, because even if such defense were available, it could not be supported here. In appellant's supplemental brief, filed at our request, he admits that his son had been previously arrested, but not convicted, for a narcotics offense. In such circumstances, appellant was on notice of the possibility that his son was involved with narcotics. Moreover, he allowed his son to operate the Buick, apparently with little restriction, and there is neither allegation nor suggestion that appellant did anything to prevent the proscribed use of his property.

*4. Due Process/Delay.*

 The last question presented is whether the five-month delay between the seizure of the automobile and the filing of the forfeiture complaint was so unreasonable as to amount to a denial of due process, and thus constitute a defense to the forfeiture proceeding. Several courts have held that an unreasonable delay in filing a forfeiture complaint is a defense to a forfeiture. *United States v. One Motor Yacht Named Mercury,* 527 F.2d 1112 (1st Cir. 1975); *Sarkisian v. United States,* 472 F.2d 468 (10th Cir.), *cert. denied,* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973); *United States v. One 1971 Opel G.T.,* 360 F.Supp. 638 (C.D.Cal.1973) (alternative holding). *Cf. States Marine Lines, Inc. v. Shultz,* 498 F.2d 1146 (4th Cir. 1974) (suit for damages under Federal Tort Claims Act); *Boston v. Stephens,* 395 F.Supp. 1000 (S.D.Ohio 1975) (suit to compel return of property). In each

of these cases, however, the period of delay was substantially longer than the five-month period involved here.[3] We are of the opinion that the district court could properly have found that, as a matter of law, the five-month delay was reasonable in the circumstances and thus did not amount to a denial of due process.

Having found no reversible error, we affirm the order of the district court.

HEANEY, Circuit Judge, dissenting.

I would remand the case to the district court for a limited hearing on the question of innocence of the owner and on the question whether the owner, if innocent, took reasonable precaution to avoid illegal use of the automobile.

---

**3.** Appellant seeks to enhance his argument by tacking onto this period the eleven months which passed before the district court rendered its decision on the forfeiture complaint. We have discovered no case in which a reviewing court has considered a judicial delay in determining the merits of the forfeiture action as being relevant to the due process issue. Moreover, it would be unfair to impute this delay to a government agency which has no power to control the court's docket.