**Michael L. KIEFER, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and the Drug Enforcement Administration, Defendants.**

No. Civ. 4–87–1018.

United States District Court, D. Minnesota, Fourth Division.

June 22, 1988.

---

Michael L. Kiefer, Minneapolis, Minn., pro se.

Jerome G. Arnold, U.S. Atty., and James E. Lackner, Asst. U.S. Atty., Minneapolis, Minn., for defendants.

MacLAUGHLIN, District Judge.

This matter is before the Court on defendants' motion to dismiss. Defendants' motion will be granted.

FACTS

On September 30, 1987, a United States grand jury returned an indictment charging Blake Michael Kiefer with five counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Underlying that indictment were allegations that Blake Kiefer sold cocaine to undercover officers on several occasions in August and September of 1987. Blake Kiefer entered a plea of guilty

as to Count I of the indictment on December 16, 1987 and was subsequently sentenced.

On September 23, 1987 agents of the United States Drug Enforcement Administration (DEA) seized a 1982 Buick Century Limited, V.I.N. 1G4L19EXCD460145 from Blake Kiefer for forfeiture pursuant to 21 U.S.C. § 881(a)(4). This seizure was based on Blake Kiefer's use of the vehicle to facilitate the drug transactions underlying his indictment. Shortly thereafter the DEA initiated administrative forfeiture proceedings pursuant to 19 U.S.C. §§ 1602–1619 and 21 C.F.R. §§ 1316.71–81. The DEA published notice alerting all interested parties of their right to contest the forfeiture and to seek judicial review by filing a claim and cost bond. Filing of such a claim and cost bond would end administrative forfeiture proceedings and cause the United States Attorney to institute judicial forfeiture proceedings against the vehicle. The notice published by the DEA further advised interested parties that they could petition the DEA for the return of their property. On November 30, 1987 plaintiff Michael L. Kiefer, Blake Kiefer's father, filed a cost bond and for his claim filed a complaint in United States District Court seeking remission or mitigation of the forfeiture.

As a result of this claim, on December 11, 1987, administrative proceedings against the 1982 Buick Century ceased and the DEA referred the matter to the United States Attorney for the District of Minnesota for institution of judicial forfeiture proceedings. On January 25, 1988, the United States Attorney filed an amended complaint for forfeiture of the 1982 Buick Century in United States District Court for the District of Minnesota (CIVIL No. 3–88–0030, assigned to Judge Magnuson). Plaintiff Michael Kiefer filed an answer in that case on February 22, 1988 disputing forfeiture.

In the instant motion, defendants seek dismissal of plaintiff's action for remission or mitigation of forfeiture. Defendants contend that a petition for remission may be addressed only to the DEA and the Attorney General and argue that the Court lacks jurisdiction to review the merits of plaintiff's claim. In response to defendant's motion, plaintiff presents three arguments. First, plaintiff contends that the Court may properly entertain jurisdiction over plaintiff's petition. Second, plaintiff argues that the government has impermissibly delayed action on this matter in violation of due process. Third, plaintiff asserts a defense to forfeiture arguing that forfeiture is inappropriate because plaintiff is an innocent owner of the vehicle in question who had no knowledge of his son's illegal drug activities.

DISCUSSION

Title 21 U.S.C. § 881(a)(4) provides for forfeiture of

> [a]ll conveyances, including aircraft, vehicles, or vessels, which are used ... to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment [of a controlled substance].

DEA forfeitures are governed by the customs laws relating to forfeiture. 21 U.S.C. § 881(d). Under the customs laws, the DEA may initiate administrative forfeiture proceedings against vehicles valued at $100,000 or less. 19 U.S.C. § 1607. In initiating administrative proceedings, the DEA must publish notice of the impending forfeiture informing interested parties of their right to claim the property by filing a claim and cost bond. 19 U.S.C. § 1607(a), 21 C.F.R. § 1316.75. DEA forfeiture notices also provide information to interested parties on filing petitions for remission or mitigation of the forfeiture pursuant to 28 C.F.R. § 9.1–9.7.

 If a claimant files a claim and cost bond, administrative forfeiture proceedings cease and the matter is referred to the United States Attorney for initiation of judicial forfeiture proceedings. Unlike the claimant who files a claim and cost bond, a petitioner seeking remission or mitigation of forfeiture does not necessarily contest the legitimacy of a forfeiture. On the contrary, under remission/mitigation procedures, forfeitability is presumed and the petitioner seeks relief from forfeiture

on fairness grounds. Petitions for remission or mitigation of forfeiture provide a means for ameliorating the harshness of forfeiture when mitigating circumstances exist. *See United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 12 (1st Cir. 1977).

In the case at bar, plaintiff Michael Kiefer filed a cost bond indicating that he wished to challenge the legitimacy of forfeiture of the 1982 Buick Century. However, for his claim, plaintiff filed an action in federal court entitled "Complaint and Petition for Remission, Mitigation of Forfeiture or Restoration of Proceeds of Sale or Value of Property Placed in Official Use." The government has construed plaintiff's filing of the cost bond and complaint as demonstrating an intent by plaintiff to challenge the forfeiture. Accordingly, on January 25, 1988 the United States Attorney for the District of Minnesota filed a complaint initiating judicial forfeiture proceedings. Plaintiff answered on February 22, 1988 and presumably intends to contest forfeiture. Thus the Court is faced with the issue of whether plaintiff's complaint seeking remission or mitigation of forfeiture is properly before the Court.

Clearly, plaintiff's complaint asks the Court to examine the factual circumstances surrounding the seizure and impending forfeiture of the 1982 Buick Century. In their motion to dismiss, defendants argue that the Court lacks power to engage in such a review. Defendants contend that the provision for review of remission/mitigation petitions by the Attorney General set forth in 19 U.S.C. § 1618, 21 C.F.R. § 1316.79–80 and 28 C.F.R. § 9.3 is the exclusive means for mitigating the harshness of a forfeiture.

■ Defendants' contention is well supported. As noted by the United States Court of Appeals for the Eighth Circuit in *United States v. One 1973 Buick Riviera,* 560 F.2d 897, 900 (8th Cir.1977), the overwhelming weight of authority supports the proposition that decisions of the Attorney General regarding petitions for remission or mitigation are not subject to judicial review on the merits. Similarly, courts

have held that a federal district court may not examine the merits of a petition for remission in the first instance. *See, e.g., United States v. Kravitz,* 738 F.2d 102, 105 (3d Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1752, 84 L.Ed.2d 816 (1985) ("petition for remission *must* be brought before the Attorney General, and ... the federal courts have no authority to modify or review that decision") (emphasis added).

■ Although the Court may not examine the merits of plaintiff's petition for remission, the Court retains some authority to review governmental actions to insure that unreasonable delay does not result in denial of plaintiff's right to due process of law. Two possible periods of delay exist in the case at bar: (1) delay between the filing of plaintiff's petition for remission and a decision on the petition by the Attorney General, and (2) delay between seizure of the subject automobile and initiation of judicial forfeiture proceedings. The court finds that neither possible period of delay resulted in a deprivation of due process in the case at bar.

■ Michael Kiefer's petition for remission or mitigation was received by the Department of Justice on December 7, 1987. The DEA local office completed its investigation into the merits of Kiefer's petition and forwarded its investigation report to the United States Attorney's office on March 21, 1988. The United States Attorney's office forwarded both the petition and the DEA investigation report to the asset forfeiture office of the Department of Justice on March 23, 1988. The asset forfeiture office has advised the United States Attorney's office that there is a backlog of petitions to be reviewed which may cause a delay of several months in the processing of plaintiff's petition. *See* Fedo Aff. at 2.

Based on the information supplied by the United States Attorney's office, it seems apparent that plaintiff may suffer a long delay awaiting a decision by the Attorney General on his petition for remission. The United States Supreme Court has recently held, however, that delay in the processing of a petition for remission does not violate due process. *United States v. Von Neu-*

*mann,* 474 U.S. 242, 106 S.Ct. 610, 614–15, 88 L.Ed.2d 587 (1986). In *Von Neumann,* the Court held that a post-seizure forfeiture proceeding provides adequate process to protect a claimant's property interest in a seized item. *Von Neumann,* 106 S.Ct. at 614. The Court stated that rather than being one step in the process of extinguishing a property interest through forfeiture, remission procedures merely grant an agency official (here the Attorney General) discretion not to pursue a complete forfeiture despite the government's entitlement to one. The Court thus held that because remission proceedings are not necessary to a forfeiture determination, such proceedings are not constitutionally required and accordingly no due process claim arises from delay in deciding the merits of a remission petition. *Von Neumann,* 106 S.Ct. at 615. Here, judicial forfeiture proceedings which will satisfy plaintiff's due process right have begun and therefore plaintiff may not assert a claim for delay in processing his remission petition.

■ The subject automobile at issue here was seized by the DEA on September 23, 1987. During October and November of 1987, notification and publication procedures commenced pursuant to statutory and regulatory requirements. On November 30, 1987, plaintiff filed a cost bond which stopped administrative forfeiture proceedings. Thereafter, on January 25, 1988, the United States filed an amended complaint for forfeiture against the 1982 Buick Century. Thus plaintiff suffered a four-month delay between the seizure and institution of judicial forfeiture proceedings.

In *United States v. One 1973 Buick Riviera,* 560 F.2d 897, 901 (8th Cir.1977), the Eighth Circuit noted that an unreasonable delay in filing a forfeiture complaint could result in a denial of due process and act as a defense to forfeiture. The Supreme Court has applied a four-part balancing test to determine the constitutionality of delay in instituting forfeiture proceedings. In *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850),* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the Court stated that courts should balance four factors—length of delay, rea-

son for delay, claimant's assertion of right and prejudice—to determine the propriety of delay. After analyzing these factors in the case at bar, the court finds that no unconstitutional delay occurred.

First, only four months passed between the seizure of the vehicle and initiation of forfeiture proceedings (September 23, 1987 to January 25, 1988). As the court noted in *One 1973 Buick Riviera,* 560 F.2d at 901, courts finding unconstitutional delay usually have been faced with delay substantially longer than four months. Significantly, in *One 1973 Buick Riviera,* the court found a five-month delay to be permissible. *Id.* The delay suffered by plaintiff here barely, if at all, reaches the initial threshold for a finding of unconstitutional delay.

Second, any delay involved here occurred with good reason. Barely a month after seizure of the subject vehicle, the DEA initiated administrative forfeiture proceedings. Moreover, after plaintiff filed a cost bond to end those proceedings and move the matter to a judicial forum, the United States Attorney acted within 60 days to investigate the appropriateness of judicial proceedings and file a complaint for forfeiture (November 30, 1987 to January 25, 1988). As stated in *United States v. $8,850,* 461 U.S. at 565, 103 S.Ct. at 2012, "[t]he Government must be allowed some time to decide whether to institute forfeiture proceedings." The Court finds the government acted with appropriate dispatch in making its decision to seek forfeiture in the instant case.

The third element of the balancing test provides some support for plaintiff's claim of unconstitutional delay; there is no question that plaintiff vigorously asserted his claim of right. However the fourth element, prejudice, is lacking. As to this factor "[t]he primary inquiry ... is whether the delay has hampered the claimant in presenting a defense on the merits...." *United States v. $8,850,* 461 U.S. at 569, 103 S.Ct. at 2014. In the case at bar, there is no indication that plaintiff has been impeded in any way in his attempt to contest forfeiture.

On balance, the Court finds that no unconstitutional delay occurred. While it is

unfortunate that plaintiff's vehicle must remain in limbo during pendency of forfeiture proceedings, plaintiff has not shown that the government unreasonably protracted those proceedings or otherwise acted in a dilatory manner with regard to the subject forfeiture.

In opposing defendants' motion to dismiss, plaintiff presents a lengthy argument outlining his defense to forfeiture. This argument is not properly before the Court and should be reserved for the forfeiture action brought by the government in CIVIL No. 3–88–0030. As discussed above, the Court lacks jurisdiction to examine the merits of plaintiff's petition for remission of forfeiture. Additionally, no unconstitutional delay occurred upon which basis the Court could preclude further forfeiture proceedings. Therefore, plaintiff's action will be dismissed and the parallel forfeiture proceeding will be allowed to continue to an ultimate determination of the merits.

Based on the foregoing, and on all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that defendant's motion to dismiss is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.