**UNITED STATES of America,
Appellant,**

v.

**ONE 1972 TOYOTA MARK II VIN RT
63016188, Marjorie Von Weise,
Appellees.**

**No. 74–1298.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1974.

Decided Nov. 12, 1974.

Thomas O'Hare, Atty., Dept. of Justice, Washington, D. C., for appellant.

James F. Malone, St. Louis, Mo., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Plaintiff United States of America brought this action pursuant to 21 U.S.C. § 881 and 28 U.S.C. § 1355 against defendant, One 1972 Toyota Mark II automobile, seeking forfeiture of the automobile to plaintiff. Mrs. Marjorie Von Weise, holder of the legal title to the automobile, intervened and filed answer denying any valid reason existed for forfeiture of the automobile. The case was tried to the court on stipulated facts.

The court did not grant the forfeiture but instead ordered the automobile sold and directed the proceeds of the sale to be first applied on court costs and costs of seizure, forfeiture and sale with the remaining proceeds to be paid Marjorie Von Weise. This is an appeal by the plaintiff from such final judgment.

There is no disputed fact issue. Federal officers on January 5, 1973, saw Martha Von Weise and Stephen Deibel drive to 2936 Caddiefield Road, Ferguson, Missouri, in the defendant automobile and enter the premises. The officers saw Martha Von Weise deliver to Stephen Deibel 29.2 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Martha Von Weise was subsequently arrested and voluntarily admitted that she had transported cocaine in the defendant automobile. Her voluntary plea of guilty to an indictment charging distribution of cocaine was accepted. She was convicted and sentenced.

The defendant automobile was prior to January 5, 1973, given by Marjorie Von Weise to her daughter Martha Von Weise as a birthday present. Marjorie Von Weise stated she retained legal title to the automobile for "insurance purposes only." Her testimony is that the defendant car "was her daughter's car in fact to use as she wished and that she did not exercise any control over the use of the car, except for the purpose of adequately insuring the car, licenses and maintenance." It is agreed that Marjorie Von Weise did not know the automobile was being used for the transportation of controlled substances and was not willfully negligent, and that she had no intention to violate any law.

For a reversal, the Government presents the following points: (1) The court erred in refusing to grant a judgment of forfeiture of the automobile to the United States. (2) The trial court has no authority or jurisdiction to grant remission or mitigation of the forfeiture and thus erred in ordering the proceeds of the sale after payment of court and forfeiture costs to Marjorie Von Weise.

 We agree with the Government's contention that the court erred in refusing to grant judgment of forfeiture and in awarding the net proceeds of sale above court and sale costs to Marjorie Von Weise. Under the stipulated facts heretofore summarized, plaintiff has established probable cause that defendant automobile was used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. Upon such showing, the burden of absolving the vehicle from culpability rests on the defendant. Ted's Motors Inc. v. United States, 217 F.2d 777, 780 (8th Cir. 1954). Such burden has not here been met. There is no evidence rebutting the Government's case.

Twenty-one U.S.C. § 881 subjects to forfeiture vehicles used to facilitate transportation, sale, receipt, possession or concealment of a controlled substance such as cocaine. An exception that could be possibly pertinent here reads:

> (B) no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any State.

 Such exception clearly does not apply under the undisputed facts in this case. The possession of the automobile was lawfully in Martha Von Weise. She was authorized by Marjorie Von Weise to use the automobile at any time for any purpose that she desired. Martha Von Weise was in effect the equitable owner of the automobile. The automobile at the time of the transportation of the cocaine was not unlawfully in the possession of Martha Von Weise in violation of any state or federal criminal law. The language of the statute, including the exception, is clear and unambiguous. Consequently resort to legislative history is not available to change the clear meaning of the statute. Under the un-

disputed facts in this case, the exception does not apply.

The innocence, noninvolvement or lack of negligence of the owner in allowing the vehicle to be used for the forfeitable offense is no defense to the forfeiture action. United States v. One 1971 Lincoln Continental Mark III, 460 F.2d 273, 275 (8th Cir. 1972); United States v. One 1967 Cadillac Coupe Eldorado, 415 F.2d 647, 648 (9th Cir. 1969); United States v. One 1961 Cadillac, 337 F.2d 730, 732 (6th Cir. 1964); *cf.* Astol Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed. 2d 452 (1974).

The trial court has no authority or jurisdiction to remit or mitigate the forfeiture under the facts of this case. United States v. One 1958 Pontiac Coupe, 298 F.2d 421, 423 (7th Cir. 1962). The court in awarding Marjorie Von Weise the net proceeds of the sale of the automobile, above costs, was in effect mitigating the forfeiture.

The trial court's reliance upon United States v. One 1969 Cadillac DeVille Convertible, 330 F.Supp. 1338 (E.D.Mo. 1971), is misplaced. The court in that case at finding (3) determined that the relief awarded had been authorized by the Attorney General. The Attorney General has exclusive authority to remit or mitigate forfeitures. United States v. One 1970 Buick Riviera, 463 F.2d 1168, 1170 including n. 2 (5th Cir. 1972); United States v. Fields, 425 F.2d 883, 885 (3d Cir. 1970); United States v. One 1971 Porsche Coupe Automobile, 364 F.Supp 745, 747 (E.D.Pa.1973). In our present case there is no showing that application for mitigation was made to or granted by the Attorney General.

The intervenor does not challenge the law as above stated but bases her claim for affirmance on her contention that the court gave the plaintiff the relief it requested. Such contention lacks merit. It is true the Government in its claim for alternate relief asked that in event the Toyota was awarded to anyone other than the Government that all costs be taxed against the person claiming the automobile. However, plaintiff's complaint and prayer clearly reflect that the Government's primary claim was for the forfeiture of the automobile, in accordance with law. The trial court in no way based its judgment on the ground that it was giving the plaintiff the relief requested. We find nothing in the record to indicate that the intervenor raised the pleading issue in the trial court. Moreover, Rule 54(c), Fed.R.Civ.P., provides in pertinent part:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

In our present case plaintiff has demanded forfeiture of the defendant automobile and plaintiff is entitled to such relief.

The judgment appealed from is reversed. The case is remanded to the trial court with direction to enter judgment of forfeiture in favor of the plaintiff.