UNITED STATES of America, Plaintiff,

v.

ONE 1982 DATSUN 200SX, Defendant.

Civ. A. No. 84–1124.

United States District Court,
W.D. Pennsylvania.

March 28, 1985.

James J. Ross, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Thomas W. Brown, Pittsburgh, Pa., for defendant.

## MEMORANDUM

McCUNE, District Judge.

We consider cross motions for summary judgment in this forfeiture action brought by the United States.

An Affidavit of Edward Scheid, Special Agent of the Drug Enforcement Administration, attached to the government's motion, recites the facts giving rise to the complaint in this case for forfeiture of the automobile. The affidavit closely follows the events described during the trial of Kevin Ferra for possession of cocaine at No. 83–112. Kevin Ferra was convicted of possession after a jury trial. His wife plead guilty to possession. His father was not charged.

Briefly stated, a damaged letter was delivered to Federal Express in Robinson Township, Allegheny County. Observing that a white powder was contained in the damaged letter, employees of Federal Express notified the Drug Enforcement Administration. A test of the powder confirmed that it was cocaine. The addressee, Kevin Ferra, was notified that his letter had arrived. Drug agents were present to observe him. He arrived in the Datsun car, along with his wife and his father, and accepted the letter. Kevin was the driver. He left with Federal Express a letter for mailing which was determined to contain $2,000.00 in cash.

Kevin drove the Datsun to a remote area where he was observed and arrested with the cocaine under the driver's seat. The car was seized. Kevin advised the agents that the car was owned by Hilltop Home Sales, Inc., a family held corporation. A

check of the registration appeared to confirm ownership by Hilltop Home Sales although there was no indication of ownership by a corporation. Kevin's mother is president and secretary. Kevin is Treasurer of the corporation. A check of the corporation bureau records confirms that a corporation does exist. Kevin was apparently mistaken about the ownership of the car.

A counter affidavit by Marjorie Ferra states that Hilltop Home Sales is a sole proprietorship which she owns and the vehicle is owned by Hilltop Home Sales. Thus she is the owner. There is a corporation called Hilltop Home Sales, Inc., but it does not own the vehicle. On July 15, 1983, she gave her husband, Eugene Ferra, Sr., permission to transport Kevin and his wife to Greater Pittsburgh Airport in the Datsun and she was unaware that any other use would be made of the car. Kevin is not involved in the operation of Hilltop Home Sales and was otherwise employed. She had no knowledge that the vehicle would be used for any purpose other than transportation to the airport.

■ Kevin's mother argues that she should have the vehicle under the "innocent owner" theory set forth in *U.S. v. One 1976 Lincoln Mark IV*, 462 F.Supp. 1383 (W.D.Pa.1979). That case said, "In order to fit within ... the exception to the forfeiture statute, the owner of a vehicle must prove not only that he was uninvolved in and unaware of the wrongful activity but also that he had done all that reasonably could be expected to prevent the proscribed use of the property," citing *U.S. v. One 1980 Stapleton Pleasure Vessel*, 575 F.Supp. 473 (S.D.Fla.1983).

Our research fails to disclose that the "innocent owner" theory has been addressed by our court of appeals. Until it is accepted by our court of appeals, we decline to apply it. Otherwise drug dealers need only borrow a car from some innocent person to carry out their rapidly expanding illegal trade.

Under 21 U.S.C. § 881, the government bears the burden of showing probable cause to believe that the property in question was used in violation of the law, *U.S. v. United States Currency*, 728 F.2d 192 (3d Cir.1984). That burden has been met. The burden is then on the claimant to establish some defense or that the property was not used in violation of the statute. It appears that the only defense here is the "innocent owner" defense. Assuming that it applies, and there is no indication that the owner did all that she reasonably could be expected to do to prevent her son's use of her automobile, we decline to apply it.

■ In *Calero-Toledo v. Pearson Yacht Leasing Company*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), the Supreme Court reaffirmed the traditional rule albeit using dicta which might encourage the assertion of the "innocent owner" theory.

The Eighth Circuit Court of Appeals has apparently adhered to the traditional rule, *U.S. v. One 1972 Toyota Mark Two*, 505 F.2d 1162 (8th Cir.1974).

There is no question here that the vehicle was used to pick up the cocaine, to mail payment for the cocaine, and for the purpose of driving to a remote area where the cocaine package could be opened and inspected.

The motion of the government will be granted.