783 F.2d 759
 ONE BLUE 1977 AMC JEEP CJ-5, VIN J783EA076436, and One Gray
1981 Datsun 280ZX, VIN JN1HZ04S8BX269011, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 85-1537EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1986.
Decided Feb. 20, 1986.
 
 1
 John R. Henry, Harrisburg, Ark., for appellant.
 
 
 2
 Don N. Curdie, Asst. U.S. Atty., Little Rock, Ark., for appellee.
 
 
 3
 Before McMILLIAN, JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.
 
 
 4
 DIANA E. MURPHY, District Judge.
 
 
 5
 Appellants Ronald Burnett and Helen Burnett, the mother of Ronald, appeal from a district court[1] order granting summary judgment for the United States and ordering the forfeiture of two vehicles pursuant to 21 U.S.C. Sec. 881. On appeal the Burnetts contend that the district court erred in granting summary judgment because the government did not establish probable cause for forfeiture of the vehicles and Ronald Burnett's acquittal of drug charges raises questions of material fact precluding summary judgment. For reasons discussed below, we affirm.
 
 
 6
 Ronald Burnett is the owner of record of a 1981 Datsun 280ZX which was seized on May 6, 1984. During this same time period, he and Gary Christian were charged with conspiracy to distribute marijuana and methamphetamine. Christian pleaded guilty to the offense, but Burnett went to trial and was subsequently acquitted of the crime.
 
 
 7
 Helen Burnett is the owner of record of a blue 1977 AMC Jeep which was also seized. In a civil forfeiture complaint filed on December 19, 1984, the United States claimed that both vehicles were used or intended to be used to transport or facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of 21 U.S.C. Sec. 881(a)(4).
 
 
 8
 Appellants, in their answer, asserted that neither of them was guilty of any crime and that the vehicles were not used in a manner justifying forfeiture. The United States then moved for summary judgment, and submitted the following documents in support: an affidavit of Federal Bureau of Investigation (FBI) Agent Scotty Battershell; testimony of Gary Christian, Evan Hughes, and Ronald Burnett given at the criminal trial of Ronald Burnett; and transcripts of taped conversations between Gary Christian, Evan Hughes, and Ronald Burnett. Battershell's affidavit indicated, among other things, that Ronald Burnett paid for the blue jeep and drove it to several meetings with Christian and Hughes where the three discussed the use and a proposed purchase and sale of narcotics. The affidavit also stated that Ronald Burnett drove the Datsun to another meeting where he paid Christian $500 "earnest money" to secure the cooperation of Hughes in the scheme to market narcotics. It also indicated that Ronald Burnett removed the money from the interior of the Datsun during the meeting, and that at the time of seizure, marijuana residue was observed in the car's glove box console. The transcripts of testimony and conversations which the government submitted in support of its motion corroborated many of the statements in the affidavit.
 
 
 9
 Appellants submitted no affidavits in response, but merely reasserted that they were innocent of any crime. Based upon the government's uncontested submissions, the district court found that there were reasonable grounds to believe that both vehicles were used in transporting Ronald Burnett to meetings involving the sale of drugs, satisfying the probable cause requirement. It found that Ronald Burnett's acquittal and Helen Burnett's assertions of innocence did not raise any fact issue and granted summary judgment in favor of the government.
 
 
 10
 Appellants contend that the court erred in entering summary judgment because the government failed to meet its burden of proof for forfeiture. The government bears the burden of going forward in a forfeiture proceeding, but it must establish only that reasonable grounds exist to believe that the vehicles were used or intended to be used for prohibited purposes. 21 U.S.C. Sec. 881(b)(4). See, e.g., Carter v. Heckler, 712 F.2d 137 (5th Cir.1983). The property is subject to forfeiture if it was used "in any manner" to facilitate the sale, receipt, possession, or transportation of a controlled substance. 21 U.S.C. Sec. 881(a)(4).
 
 
 11
 Once the government shows that probable cause exists, the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense to forfeiture applies. See United States v. One 1972 Toyota Mark II, 505 F.2d 1162 (8th Cir.1974). See also Carter v. Heckler, 712 F.2d 137 (5th Cir.1983); United States v. One 1974 Porsche, 682 F.2d 283 (1st Cir.1982). If unrebutted, a showing of probable cause alone will support forfeiture. See Carter v. Heckler, 712 F.2d 137 (5th Cir.1983); United States v. One 1975 Ford, 558 F.2d 755, 756-57 (5th Cir.1977).
 
 
 12
 In the instant case, the facts alleged in Battershell's affidavit and corroborated by the tape and trial transcripts were sufficient to show probable cause. The record shows that reasonable grounds exist for believing that the vehicles were used in a manner which facilitated the transportation, sale, receipt, possession or concealment of a controlled substance.
 
 
 13
 After probable cause was established by the government, the burden shifted to the Burnetts to show that the property was not involved in the violation of the drug laws. Under Fed.R.Civ.P. 56(e), the Burnetts may not merely rest upon the denials in their pleadings, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. See Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir.1981).
 
 
 14
 Neither Burnett submitted any affidavits to controvert the facts upon which the probable cause showing relied. Nor did either invoke any of the statutory exceptions to forfeiture granted under 21 U.S.C. Sec. 881. Rather, Ronald Burnett asserts that summary judgment was erroneously entered because his acquittal defeats the forfeiture of his Datsun. Helen Burnett argues similarly that her standing as an innocent owner of the jeep protects her against the government's claim of forfeiture. Neither argument is persuasive.
 
 
 15
 The traditional rule holds that the innocence of the owner of property subject to forfeiture is not a defense to forfeiture. See, e.g., General Motors Acceptance Corp. v. United States, 286 U.S. 49, 57-58, 52 S.Ct. 468, 470-471, 76 L.Ed. 971 (1932); Goldsmith-Grant Co. v. United States, 254 U.S. 505, 510-11, 41 S.Ct. 189, 190-191, 65 L.Ed. 376 (1921); Dobbins' Distillery v. United States, 6 OTTO 395, 401-02, 96 U.S. 395, 401-02, 24 L.Ed. 637 (1878). Also compare United States v. One 1973 Buick Riviera Auto, 560 F.2d 897 (8th Cir.1977). Ronald Burnett's acquittal on the criminal charges does not affect the government's right to forfeiture because the standards and the burdens of proof in the two proceedings differ dramatically. At Burnett's criminal trial, the government had the heavy burden of proving all elements of the crime charged beyond a reasonable doubt. In this forfeiture proceeding, the government need only show that reasonable grounds exist to believe that the Datsun was used or intended to be used for a prohibited purpose. Accordingly, Ronald Burnett's acquittal does not raise a genuine issue of material fact as to probable cause.
 
 
 16
 Similarly, Helen Burnett's assertion of innocence raises no genuine issue as to whether probable cause for forfeiture of the jeep was shown. While this circuit has recognized that there may be exceptions to the traditional rule that innocence is not a defense to forfeiture, such exceptions would be limited to instances where the forfeited property were taken without the owner's consent or where the owner had done all that reasonably could be expected to prevent the proscribed use of the property. See United States v. One 1973 Buick Riviera Auto, 560 F.2d 897, 900-901 (8th Cir.1977). Even if such a limited defense were available, however, it could not be applied here. Nothing in the record indicates that the forfeited property was taken from Helen Burnett by Ronald Burnett without her consent or that she limited Ronald Burnett's use of the jeep in an attempt "to prevent the proscribed use of the property." Id. at 900.
 
 
 17
 Accordingly, the order of the district court is affirmed.
 
 
 
 *
 The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas