UNITED STATES of America, Plaintiff,

v.

PREMISES DESCRIBED AS ROUTE 2, BOX 61–C, CROSSETT, ARKANSAS With all Buildings and Appurtenances and Improvements, Defendant.

Civ. No. 89–1052.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Jan. 9, 1990.

---

Deborah Groom, Asst. U.S. Atty., Fort Smith, Ark., for plaintiff.

Robert F. Morehead, Pine Bluff, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

The United States has filed a verified complaint for forfeiture. A warrant of arrest *in rem* was issued, as well as a seizure warrant/writ of entry, and the property was seized by the United States Marshal on April 27, 1989. Gladist Wimberly (claimant) then filed her claim of ownership pursuant to Rule C(6) of the Supplemental Rules of Admiralty and Maritime Claims and answer to complaint. No other claims have been filed.

## I. FACTS

The facts causing this action are basically undisputed. On April 3, 1989, an Express Mail package was sent to Bert Tucker, Rt. 2, Box 61–C, Crossett, Arkansas 71635, from a Mike Brown of 9308½ Compton Avenue, Los Angeles, California 90061. The parcel weighted 4 lbs. 14 oz. Los Angeles Postal Inspectors determined the parcel's return address to be valid. However, the package was turned over to the inspectors as suspicious because a Mike Brown did not reside at the return address. A narcotics trained police dog sniffed the parcel and reacted positively that controlled substances were contained inside.

The inspectors learned that two Express Mail parcels were previously sent to the same Crossett, Arkansas address. On February 13, 1989, Charles Hampton signed for a parcel addressed to Bert Tucker, weighing 6 lbs. 9 oz. This parcel had a return address of Kevin Shaner, 9308½ Compton Avenue, Los Angles, California 90059. On March 15, 1989, Mary A. Tucker signed for a parcel addressed to Sam Tucker, weighing 12 lbs. 6 oz. The parcel's return address was Gary Grant, 12327 Carlin Avenue, Lynnwood, California 90262.

The inspectors obtained a search warrant for the seized parcel. Inside the parcel they found 80 packets of cocaine in a pair of men's pants. The parcel was resealed with one of the packets of cocaine remaining inside.

A search warrant was obtained for the premises located at Rt. 2, Box 61–C, Crossett, Arkansas. Law enforcement officers made a controlled delivery of the parcel at the address. Charles Hampton signed for the parcel. The officers then executed the search warrant. The pants were found on the bed of claimant's bedroom. The packet of cocaine was in the pant's pocket.

Claimant, Charles Hampton, and Matthew Wimberly were arrested by the State Law Enforcement Officers at the search on April 6, 1989. They are presently charged in the Circuit Court of Ashley County with possession with intent to deliver cocaine, a felony offense.

Postal Inspector Harold Stuart interviewed Otis "Peewee" Wimberly in Califor-

nia. Otis Wimberly is the son of the claimant and resides at 12432½ Waldorf, Lynnwood, California. Otis Wimberly advised that during the months of January, February, March and April, 1989, he obtained "crack" cocaine in California and mailed it to the Rt. 2, Box 61–C, Crossett, Arkansas, address. Albert "Bert" Tucker would sell the crack cocaine in Arkansas and give the money to claimant, who would send Otis Wimberly's share of the money to him in California.

Letters, notes, money order receipts, and receipts for Certified Mail were taken into evidence from the Crossett residence. This evidence corroborated Otis Wimberly's statements. Claimant's purse contained:

1. A letter addressed "to Dennis;"
2. Money order receipts purchased by Albert Tucker and addressed to Otis Wimberly in the amounts of $600 and $261;
3. Receipts for Certified Mail bearing postmarks in January, February and March; and
4. Approximately $2,608 in cash.[1]

The letter found in claimant's purse states that "candy" will be sent around the 19th or 25th. It advises that "The candy is coming from Centeral America. Or Los Vegas. Candy will be good."

Other letters were found in envelopes addressed to the claimant with the return address as Peewee Wimberly, 2271 N. Long Blvd., Compton, California 90221; and 11781 Waldorf Drive, Apt. A, Lynnwood, California 90221. These letters are titled "Hi Mom." The letter from the Compton, California address is postmarked March 3, 1989. It states "Everything went ok. I got the package. In the brown shoe." The letter from the Lynnwood, California address is postmarked March 10, 1989. It states "When Albert get his candy out send me 870 dollar back ... send it like last time. In the Brown shoe ... that the way no one will not expect nothing at all."

A Special Agent with the Drug Enforcement Administration, testified that drug traffickers frequently use names such as "candy" to communicate about their drug dealings. He also testified that the 80 units seized in this case had a street value ranging from $2,000 to $4,500.

## II. DISCUSSION

The United States is seeking forfeiture of claimant's property pursuant to 21 U.S.C. § 881(a)(7). This statute provides in relevant part for the forfeiture of all real property "which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment."

Unlike a criminal proceeding, a forfeiture proceeding under section 881(a)(7) is an *in rem* civil proceeding directed at the property of a person. It exists separate and apart from any criminal proceeding directed at the person who may own the property. *United States v. 26.075 Acres, Located in Swift Creek Tp.*, 687 F.Supp. 1005, 1013 (E.D.N.C.1988). The forfeiture action is brought pursuant to the legal fiction that the property itself is guilty of facilitating a crime. *See Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–84, 94 S.Ct. 2080, 2090–92, 40 L.Ed.2d 452 (1974). The term "facilitate" is interpreted to encompass activity making the prohibited conduct less difficult or "more or less free from obstruction or hindrance." *United States v. Premises Known as 3639–2nd St., N.E.*, 869 F.2d 1093, 1096 (8th Cir.1989).

Section 881(a)(7) is designed to strip the drug trade of the instrumentalities of crime, including real estate used to facilitate drug transactions, and to finance government programs designed to eliminate drug trafficking. *United States v. 26.075 Acres, Located in Swift Creek Tp.*, 687 F.Supp. 1005, 1013 (E.D.N.C.1988). In

---

1. This cash was seized by the Drug Enforcement Administration and forfeited administratively

contrast to the criminal forfeiture laws, where conviction is a prerequisite for forfeiture of the property, *see* 21 U.S.C. § 853, a property is subject to civil forfeiture even if its owner is acquitted of—or never called to defend against—criminal charges. *United States v. One 1972 Toyota Mark II,* 505 F.2d 1162 (8th Cir.1974); *United States v. One 1977 Pontiac Grand Prix,* 483 F.Supp. 48 (N.D.Ill.1979).[2]

■ The government bears the burden of going forward in a forfeiture proceeding. Although the facts relate to violations of criminal law, the government is relieved of the burdens traditionally associated with criminal trials. It need only establish probable cause, which is defined as a reasonable ground for belief of guilt supported by less than prima facie proof, but more than mere suspicion. *United States v. Premises Known as 3639 2nd Street, N.E.,* 869 F.2d 1093, 1095 (8th Cir.1989); *United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 984 (5th Cir.1980). Probable cause must be judged not with clinical detachment but with a common sense view to the realities of normal life. *United States v. Premises Known as 3639 2nd St., N.E., supra* at 1097.

■ In proving its case, the government is permitted to use certain types of evidence that is normally excluded in criminal proceedings. Specifically, hearsay evidence is admissible to prove probable cause in a civil forfeiture proceeding. *United States v. 1964 Beechcraft Baron Aircraft,* 691 F.2d 725, 728 (5th Cir.1982); *United States v. One 1974 Porsche 911–S Vehicle,* 682 F.2d 283 (1st Cir.1982). Probable cause may also be satisfied by circumstantial evidence. *United States v. $13,000 in the United States Currency,* 733 F.2d 581 (8th Cir.1984).

■ If the government can show probable cause, the burden shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense to forfeiture applies. *One Blue 1977 AMC Jeep CJ–5 v. United States,* 783 F.2d 759 (8th Cir.1986); *United States v. One 1972 Toyota Mark II,* 505 F.2d 1162 (8th Cir.1974).

■ The facts reveal that between January and April 6, 1989, crack cocaine was being mailed from California to the respondent property. After the cocaine was sold, proceeds were divided between claimant, Albert Tucker and Otis Wimberly. Based upon Otis Wimberly's statements to the Postal Inspector, the 80 packets of crack cocaine found in the package addressed to the respondent property, and the incriminating letters, the Court finds there are reasonable grounds for belief that the respondent property was used to facilitate illegal drug activity.

■ Having found probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the property was not used nor intended to be used to commit or facilitate the commission of a violation of the drug laws. *United States v. Four Million, Two Hundred Fifty-five Thousand,* 762 F.2d 895, 904 (11th Cir.1985). The property is forfeitable if made available as a situs for an illegal drug transaction, *United States v. 26,075 Acres, Located in Swift Creek Tp.,* 687 F.Supp. 1005, 1014 (E.D.N.C.1988), as the forfeiture statute requires only "a violation" of the title. 21 U.S.C. § 881(a)(7); *United States v. Premises Known as 3639 2nd Street, N.E., supra* at 1096.

The claimant contends she knew nothing of the drugs being sent to her house and is entitled to the "innocent owner" defense

pursuant to provisions of Title 19 U.S.C. § 1607.

**2.** These cases concern forfeiture under 21 U.S.C. § 881(a)(4), which provides for civil forfeiture of conveyances used to transport or to facilitate transportation of narcotics. Because the pertinent language in this section is identical to the language dealing with seizure of real property,

the body of law developed under section 881(a)(4) is applicable to forfeitures under the real property section, 21 U.S.C. § 881(a)(6). *United States v. Property Identified as 3120 Banneker Drive, N.E.,* 691 F.Supp. 497, 500 n. 1 (D.D.C.1988).

contained in 21 U.S.C. § 881(a)(6). This section exempts the owner from forfeiture when she had no actual knowledge of drug activity in her house. The government need not prove she had actual knowledge, rather, it is her responsibility to prove the absence of actual knowledge. *United States v. Four Million, Two Hundred Fifty–Five Thousand,* 762 F.2d 895, 907 (11th Cir.1985). To prevail on the innocent owner defense, the claimant must establish that:

1. She was not involved in the wrongful activity;
2. She was not aware of the wrongful activity; and
3. She had done all that reasonably could be expected to prevent the proscribed use of the property.

*United States v. One 1977 36 Foot Cigarette Ocean Racer,* 624 F.Supp. 290, 296 (S.D.Fla.1985) (quoting *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 (1974)).

The Court finds claimant's assertion of innocence incredible. The evidence reveals that crack cocaine was delivered via Express Mail to her house from January to April, 1989. She argues that since the parcel was sent to Albert "Bert" Tucker, a tenant at her house, and that the money orders were purchased and forwarded by Albert Tucker, she had nothing to do with it. However, the money orders were found in her purse, and the contents of the package were found on her bed. Coupled with the letters, this evidence shows that claimant failed to prevent the proscribed use of her property.

The United States Supreme Court has addressed the issue of lessors losing their property without much sympathy. "To the extent that ... forfeiture provisions are applied to lessors ... who are innocent of any wrongdoing, confiscation may have the desirable effect of inducing them to exercise greater care" in leasing their property. *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 687–88, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 (1974).

Roosevelt Bridges, another tenant, testified that he owned the large amount of cash seized from claimant's purse. He stated it was the proceeds from an insurance settlement. However, there was no proof of an insurance settlement, and no claim was made for the money.

## III. CONCLUSION

Through the civil forfeiture statutes, Congress has expanded the nation's war on drugs to every physical object involved in the narcotics trade. Under 21 U.S.C. § 881(a)(7), the government may seek forfeiture of real property that was used in connection with a drug deal. The government has put forth sufficient evidence to establish probable cause for finding that Rt. 2, Box 61–C, Crossett, Arkansas, was used to facilitate illegal narcotics transactions. The claimant has not overcome this showing. Accordingly, in a separate order that will accompany this opinion, the Court will order Rt. 2, Box 61–C, Crossett, Arkansas, forfeited to the United States of America.

## ORDER

In accordance with the memorandum opinion entered this date in the above styled and numbered case,

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the defendant property be and the same is hereby forfeited to the United States of America, to be disposed of in accordance with law.