**UNITED STATES of America, Plaintiff,**

v.

**PREMISES KNOWN AS 417 EAST GRAND AVENUE, GARLAND COUNTY, HOT SPRINGS, ARKANSAS, with Dwellings and Appurtenances and Grounds, Defendant.**

Civ. No. 90–6097.

United States District Court, W.D. Arkansas, Hot Springs Division.

Oct. 15, 1991.

U.S. Atty. Michael Fitzhugh, Asst. U.S. Atty. David R. Ferguson, Fort Smith, Ark., for plaintiff.

R. Scott Campbell, Hot Springs, Ark., for claimant.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

A trial before the court was held on the above styled forfeiture action on August 8, 1991. Upon completion of the testimony the court took the case under advisement and directed the parties to submit briefs to the court. The court has received the briefs from the parties and a partial transcript submitted by the government. This matter is now ripe for consideration.

The Claimant in this action is Lovenia Moses, the owner of the residence located at 417 East Grand Avenue in Hot Springs, Arkansas. The United States asserts that on May 4, 1990, Investigator Tim Ryals of the Drug Task Force purchased four (4) rocks of crack cocaine for the sum of $100.00 from James L. Blevins. The transaction occurred inside the Claimant's residence at 417 East Grand Avenue in Hot Springs. Later that day the house was searched pursuit to a search warrant. The search produced 35 additional rocks of crack cocaine, the $100.00 used by Investigator Ryals to purchase crack cocaine, and an additional $1,200.00. These items were found in the bedroom occupied by Blevins. Blevins, the grandson of the Claimant, was arrested and charged with distributing crack cocaine.

The United States Attorney for the Western District of Arkansas filed a complaint seeking forfeiture of the residence pursuant to 21 U.S.C. § 881 on October 31, 1990. Mrs. Moses, the Claimant filed a claim on November 16, 1990, and filed an answer to the complaint on November 19, 1990.

The court determined in its memorandum opinion and order dated July 9, 1991, that probable cause had been established that

prohibited activity occurred at the Claimant's residence. The court reiterated the finding of probable cause at the close of the government's case at trial. The government presented ample testimony at trial to show that absent any defense the residence was subject to forfeiture under *21 U.S.C. § 881(a)(7)*.[1] The court notes that the affidavit of Investigator Billy Yates of the Eighteenth Judicial District Drug Task Force, the affidavit of Investigator Tim Ryals of the Arkansas State Police, and the results of the Arkansas State Crime Laboratory drug tests on the crack cocaine were filed with this court as exhibits to the government's motion for summary judgment. These documents established probable cause that a violation of the law occurred within the range of 21 U.S.C. § 881 at the Claimant's residence.

The paramount issue before the court is whether or not the Claimant, Lovenia Moses, can rely on the innocent ownership defense in this action. The government has established probable cause that a crime occurred within the residence that would subject the property to forfeiture.

> Probable cause in a forfeiture proceeding is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980); *see also United States v. One 1977 Lincoln Mark V. Coupe*, 643 F.2d 154, 156–57 (3d Cir.1981), *cert. denied*, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981). Once this initial showing has been made, the burden shifts to the party opposing forfeiture to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture or that a defense to forfeiture is applicable. *One*

*Blue 1977 AMC Jeep CJ–5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986). If no such rebuttal is made, a showing of probable cause alone will support a judgment of forfeiture. *Id.*

*United States v. Premises Known as 3639–2nd St., N.E.*, 869 F.2d 1093, 1095 (8th Cir.1989).

### INNOCENT OWNERSHIP DEFENSE

The burden to establish any defenses to the forfeiture shifts to the Claimant after probable cause is found. *U.S. v. Route 2, Box 61–C, Crossett, Ark.*, 727 F.Supp. 1295, 1298 (W.D.Ark.1990); *One Blue 1977 AMC Jeep CJ–5 v. United States*, 783 F.2d 759 (8th Cir.1986); *United States v. One 1972 Toyota Mark II*, 505 F.2d 1162 (8th Cir.1974). The Claimant has asserted what is commonly referred to as the "innocent owner" defense.

The source of the "innocent owner" defense can be found at *21 U.S.C. § 881(a)(7)*:

> [N]o property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner.

The question for the court to examine is the knowledge of the property owner of illegal activity on her property.

It is undisputed by the parties that the real culprit in this action is James Blevins. Blevins is the grandson of the Claimant. Blevins lived with the Claimant at the time the search warrant on the residence was executed. Most of the testimony provided by the government's witnesses centered on Blevins' involvement in the sale of illegal drugs.[2]

---

**1.** The government presented the testimony of the Garland County Assessor and the Garland County Circuit Clerk to establish that the claimant was the record owner of the residence at 417 E. Grand Avenue. Norman Kemper, a chemist with the State Crime laboratory, testified that the substances found by the police in the residence tested positive as cocaine base.

Investigator Tim Ryals of the State Police testified that he purchased crack cocaine at the residence. Officer Michael Smith of the Hot

Springs Police Department testified to illegal drug purchases at the residence. Detective Bill Cooley testified to complaints by citizens about illegal activities at the residence. Garland County Deputy Sheriff Billy Yates testified as to an illegal drug purchase near the residence and to other drug transactions involving James Blevins, a resident of 417 E. Grand Avenue.

**2.** James Blevins is serving a sentence of 12 months in the Federal Bureau of Prisons. (*U.S. v. Blevins*, CR. 91–60001–01) Blevins pleaded

In *U.S. v. Route 2, Box 61–C, Crossett, Ark.*, 727 F.Supp. 1295 (W.D.Ark.1990) this court discussed the elements of the innocent ownership defense. The Claimant must establish that:

1. She was not involved in the wrongful activity;

2. She was not aware of the wrongful activity; and

3. She had done all that reasonably could be expected to prevent the proscribed use of the property.

727 F.Supp. at 1299; *United States v. One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. 290, 296 (S.D.Fla.1985) (*quoting Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974)). The court will refer to these three points as the *Calero–Toledo* test.

The first question of the *Calero–Toledo* test is clearly answered in the Claimant's favor. There was no testimony that the Claimant was involved in any illegal drug transaction or gained any profit from any illegal drug transaction. (Tr. 24)

The second question deals with the Claimant's awareness of the illegal activity. The testimony of the Claimant indicates that she was employed at the Quality Care Nursing Home in Hot Springs in May of 1990. The Claimant arrived at work at 4:30 a.m. and left work at 2:00 p.m. The Claimant testified that she usually went to bed around 8:00 p.m. The day the residence was searched the Claimant was at work. (Tr. 20–22)

The Claimant had four boarders in her home who paid rent. At the time of the police search on May 4, 1990, of the residence six of the Claimant's grandchildren were staying with her in addition to the boarders.

After evaluating the testimony and observing the demeanor of the Claimant the court is convinced that the Claimant was not aware of the drug trade that was conducted by Blevins. The Claimant worked long hours and took care of a house that contained ten people. Drug transactions require only a few seconds to complete. Crack cocaine can be easily hidden. Blevins did not outwardly appear to be engaged in the drug business. The Claimant testified that Blevins never had any money and that, "Every time I saw him, he wanted a dollar or two from me." (Tr. 24)

It would not be unusual for the Claimant's grandchildren and boarders to have guests at the house. It is impractical considering the Claimant's work schedule and the number of people involved to expect the Claimant to keep an eye on everything that went on in and around the house. The court finds from the testimony that the Claimant was not aware of any illegal drug trade being conducted in her home.

The third question of the *Calero–Toledo* test asks: Did the Claimant do all that could reasonably expected to prevent the proscribed use of her property? The Claimant testified that she never saw Blevins sale any cocaine. The Claimant testified that after the May 4, 1990 arrest of Blevins she talked to Blevins and told him not to fool with drugs. (Tr. 35–37)

The court is mindful of the fact that the Claimant is 66 years old and has no prior documented experience with the world of drug dealing. She stated that the only thing she knew about cocaine was what she saw on television. She was unaware of Blevins' illegal activities. When she became aware of his arrest she talked with him about not fooling with drugs. The court finds from the testimony received that under the circumstances the Claimant acted reasonably to prevent her home from being used for drug transactions. The Claimant cannot reasonably be expected to turn her own grandson out into the street.

James Blevins is now occupying a prison cell and not his grandmother's home. The Claimant has proved sufficiently her defense that she is an "innocent owner" of

---

guilty on May 1, 1991, to one count of Distribution of Cocaine Base, a violation of 21 U.S.C. § 841(a)(1).

Blevins also received a sentence of seven years in the Arkansas Department of Corrections for the state crime of possession with intent to distribute cocaine.

the residence at 417 East Grand Avenue as provided in *21 U.S.C. § 881(a)(7)*. Judgment should be entered in favor of the Claimant.