```
                          _____

                          No. 96-1935
                          _____
```

Kevin L. Gaten,                        *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       *
St. Louis County Police                *    Appeal from the United States
Department; Patrol Officer             *    District Court for the
Cavanaugh; Patrol Officer              *    Eastern District of Missouri.
Manestar; Sgt. Quinn; Detective        *
Kennedy; John P. Sutton; Janet         *        [UNPUBLISHED]
Reno; U.S. Department of Justice,*
                                       *
          Appellees.                   *

```
                          _____
```

                 Submitted:  December 19, 1996

                     Filed:  December 26, 1996
```
                          _____
```

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
```
                          _____
```

PER CURIAM.


     Kevin L. Gaten appeals from the district court's[1] order
granting defendants' motion for summary judgment in this action to
recover monies seized and forfeited to the United States pursuant
to 21 U.S.C. § 881.  We affirm.


     In March 1992, Gaten was arrested and charged with possession
of marijuana; Gaten told the arresting officer he currently resided
in St. Louis.  Pursuant to that arrest, money was found, seized,

---

     [1]The Honorable Stephen N. Limbaugh, United States District
Judge for the Eastern District of Missouri.

and turned over to the DEA, which commenced administrative forfeiture proceedings by mailing notice to the St. Louis address, and by publishing notice in USA Today. After Gaten did not file a claim and the notice period had run, the DEA issued a declaration of forfeiture as to this seized money.

In 1994, Gaten was found not guilty on the marijuana possession charge; he first learned of the forfeiture during his criminal trial. Gaten then filed this pro se complaint asserting defendants did not afford him due process notice of the forfeiture of his monies, even though they knew his whereabouts and address. Defendants subsequently moved for summary judgment. Pursuant to a show cause order, the court discovered that Gaten's claim of no notice stemmed from his use of two different home addresses. In February 1996, the court granted defendants' motion for summary judgment, concluding the forfeiture was valid and final because Gaten received adequate notice of the administrative forfeiture, and failed to file timely his claim and cost bond. Gaten timely appealed.

We have jurisdiction to hear Gaten's collateral due process attack on the DEA's forfeiture declaration herein, and we review a grant of summary judgment de novo. See United States v. Woodall, 12 F.3d 791, 793, 794 n.1 (8th Cir. 1993) (jurisdiction); Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995) (standard of review). We agree Gaten received adequate notice, because the DEA sent written notice to the address Gaten provided to police during his March 1992 arrest and published notice of the forfeiture action. See 19 U.S.C. §§ 1607-1609 (notice and forfeiture procedural requirements); 21 C.F.R. § 1316.75-77 (same); Madewell, 68 F.3d at 1047 (adequate notice where plaintiff historically used different "home" addresses, and DEA sent forfeiture notice to address plaintiff gave at time of arrest and property seizure, because any confusion about plaintiff's actual residence was result of his own conduct).

-2-

Furthermore, Gaten's subsequent criminal acquittal does not entitle him to recover his forfeited money, because criminal trials and civil forfeiture actions are independent proceedings.  See One Blue 1977 AMC Jeep CJ-5, VIN J783EA076436 v. United States, 783 F.2d 759, 761-62 (8th Cir. 1986) (because of different burdens of proof, criminal acquittal does not affect government's right to forfeiture).  Moreover, because Gaten failed to file a claim and cost bond, or otherwise contest his forfeiture, his property is now abandoned as a matter of law.  See United States v. Castro, 78 F.3d 453, 456-57 (9th Cir. 1996).  Finally, we do not consider Gaten's Eighth Amendment claim, which was raised for the first time on appeal.  See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.